IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV515-03-MU

| | |
|---|---|
| WILLIE WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| ROBERT COOPER; CHRIS CRAWFORD; BRYAN DALE; STEPHEN GRINDSTAFF, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 5, 2008. (Document No. 1.) In his Complaint, Plaintiff contends that he has been subjected to second hand smoke while housed at Avery Correctional Institution and that Defendants are deliberately indifferent to his serious medical condition, asthma, which has worsened by his exposure to the second hand smoke. Plaintiff contends that despite the fact that there is no smoking permitted inside the building, inmates do, in fact, smoke inside and, it seems to Plaintiff, are not disciplined for violating the no smoking indoors rule. Plaintiff has asked the staff at Avery Mitchell Correctional Institution and now asks this Court "to get me to a place where there is no smoking for my health . . . ." Plaintiff further states that he "needs to be [housed] where there is no smoking for [his] health." (Motion at 4.) Indeed, the only relief Plaintiff so reasonably requests is to be housed in a totally smoke free facility.

The Court does not have the authority to grant Plaintiff the relief he seeks, i.e. transfer to a no-smoking facility. Indeed, inquiry of federal courts into prison management is limited under §

1

1983 to whether a particular system violates any constitutional provision. Outside this inquiry, prison administrators must be permitted to exercise wide discretion. Lewis v. Casey, 518 U.S. 343, 363 (1996). Moreover, principles of federalism limit the scope of the federal court's power to intervene in the internal operations of state and local agencies. Rizzo v. Goode, 423 U.S. 362, 378-80 (1976); Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Furthermore, it is well settled that federal courts do not occupy "the role of super wardens of state penal institutions," Cooper v. Riddle, 540 F.2d 731, 732 (4th Cir. 1976), and "do not sit to supervise state prisons." Meachum v. Fano, 427 U.S. 215, 229 (1976). **However, the Court respectfully asks that Mr. Robert Cooper, the Superintendent of Avery Mitchell Correctional Institution and Mr. Theodis Beck, the Secretary of the Department of Corrections give serious consideration to the claims Plaintiff has articulated and consider transferring Plaintiff to a smoke-free facility as soon as is practicable.**

THEREFORE, IT IS ORDERED that:

1) Plaintiff's Complaint is hereby dismissed**; and**

2) the Clerk is directed to send a copy of this Order by mail and by fax (fax number 704-765-0946) to Robert Cooper, Superintendent of Avery Mitchell Correctional Institution (P.O. Box 608, Spruce Pine, NC 28777) and to Theodis Beck, Secretary of the Department of Corrections by mail (214 West Jones Street, Raleigh, NC 27699-4201).

**SO ORDERED**.

Signed: December 1, 2008

Graham C. Mullen
United States District Judge